FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA KERNAGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate |
| CITY OF CHICAGO, | ) | |
| A Municipal Corporation; and | ) | Jury Demand |
| Unknown Chicago Police Officers | ) | |
| John Does and Jane Roes 1-10; | ) | |
| | ) | |
| Defendants. | ) | |

08 C 102

JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers.

6. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

9. At or around 11:45 p.m. on December 31, 2006 (New Year's Eve), Plaintiff was in her apartment located on the first floor of the building at 6237 South Bishop in Chicago, Illinois. Also in Plaintiff's apartment were: Eugene Green, Plaintiff's boyfriend; Jeremy Kernaghan, Plaintiff's son; Tiara Berry, Jeremy's girlfriend; and Kiyone Kernaghan, Plaintiff's grandson.

10. People from an apartment above Plaintiff's were outside firing guns to celebrate the new year.

11. Plaintiff heard one of the people say, "The police are coming."

12. Soon thereafter, Defendant-Officers entered Plaintiff's apartment.

13. Defendant-Officers did not have a search warrant, probable cause, consent, exigent circumstances, or any other legal basis to enter Plaintiff's apartment.

14. Defendant-Officers entered Plaintiff's apartment with their guns drawn and pointed at Plaintiff.

15. One of the Defendant-Officers ordered Plaintiff and the other persons present to get on the floor.

16. Plaintiff was seized and not free to leave.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop or seize Plaintiff.

18. As Plaintiff started to get on the floor, the Defendant-Officer grabbed Plaintiff by the neck and forcefully pushed her backwards onto the floor.

19. Plaintiff's head struck the floor when she landed.

20. Plaintiff asked the Defendant-Officer why he pushed her.

21. The Defendant-Officer responded, "Shut the fuck up."

22. Eugene Green asked the Defendant-Officer why he pushed Plaintiff to the floor.

23. The Defendant-Officer responded by slamming Green and telling him, "Shut the fuck up."

24. The Defendant-Officer then instructed another Defendant-Officer to handcuff Plaintiff.

25. Plaintiff was handcuffed.

26. The Defendant-Officer asked Plaintiff if she had any guns in the apartment.

27. Plaintiff told the Defendant-Officer that she stored her duty weapon in her bedroom closet, which she used for her job as a security officer.

28. Plaintiff had a valid FOID card for the gun.

29. Defendant-Officers asked Plaintiff if she had a valid FOID card, and Plaintiff said yes.

30. The Defendant-Officer searched the closet in Plaintiff's bedroom, found the gun and seized it.

31. The Defendant-Officer ordered Plaintiff to lie down on the kitchen floor.

32. The Defendant-Officer put his shoe on Plaintiff's face and held Plaintiff's head on the floor.

33. When Plaintiff asked why he was doing this, the Defendant-Officer said, "Shut the fuck up."

34. Defendant-Officers searched the apartment. No contraband or evidence of criminal activity was found.

35. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's home.

36. Plaintiff observed a Defendant-Officer remove an unopened bottle of Moet champagne from her bedroom. Defendant-Officers seized the champagne and never returned it.

37. Plaintiff was taken outside by the Defendant-Officers, who ran her name on computer in a police car.

38. Plaintiff's name came back "clear."

39. Plaintiff asked if she could have her duty weapon back. A Defendant-Officer told her, "Buy another one."

40. Plaintiff was uncuffed and released.

41. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, and physical pain and suffering.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

44. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

45. Defendant-Officers entered Plaintiff's home with their guns pointed at Plaintiff.

46. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

47. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

48. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

49. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Home)

50. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

51. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

52. The actions of Defendant-Officers in searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

53. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

54. Defendant-Officers seized Plaintiff's gun.

55. Defendant-Officers have not returned Plaintiff's gun.

56. There was not probable cause or any legal justification to seize Plaintiff's gun.

57. The actions of Defendant-Officers in seizing Plaintiff's gun without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

                                        Respectfully submitted,

                                        /s/ Daniel P. Kiss
                                        *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595