UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA KERNAGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 102 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Nolan |
| A Municipal Corporation, and | ) | |
| Chicago Police Officers | ) | |
| MATTHEW CLINE, Star 2184, | ) | |
| JOSE CARDO, Star 21299, | ) | |
| DANIEL DELOPEZ, Star 15612, | ) | Jury Demand |
| JOHN DOLAN, Star 7722, | ) | |
| CRAIG DUNDERDALE, Star 12346, | ) | |
| VERNON MITCHELL, JR., Star 15580, | ) | |
| KENNETH URBON, Star 5100, and | ) | |
| SCOTT WOLFF, Star 19681 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses, and Jury Demand to plaintiff's First Amended Complaint, states as follows:

1.   This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**   Defendant City admits that Counts I through V of the First Amended Complaint purport to bring an action for money damages pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. The City denies that the United States Constitution provides plaintiff with a direct cause of action. The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

  2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

  **ANSWER:** Defendant City admits the allegations in this paragraph.

  3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

  **ANSWER:** Defendant City admits, upon information and belief, that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## Parties

  4.  Plaintiff is a resident of Chicago, Illinois.

  **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

  5.  Defendant police officers are duly appointed and sworn Chicago police officers.

  **ANSWER:** Defendant City admits that the defendant police officers are employed as Chicago police officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

  6.  At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

  **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph.

  7.  The Defendant-Officers are sued in their individual capacities.

  **ANSWER:** Defendant City admits that plaintiff purports to sue the Defendant Officers

in their individual capacities.

    8.    The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

    **ANSWER:**    Defendant City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois. The City further admits that it employs the Defendant Police Officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in this paragraph.

### Facts

    9.    At or around 11:45 p.m. on December 31, 2006 (New Year's Eve), Plaintiff was in her apartment located on the first floor of the building at 6237 South Bishop in Chicago, Illinois. Also in Plaintiff's apartment were: Eugene Green, Plaintiff's boyfriend; Jeremy Kernaghan, Plaintiff's son; Tiara Berry, Jeremy's girlfriend; and Kiyone Kernaghan, Plaintiff's grandson.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    10.    People from an apartment above Plaintiff's were outside firing guns to celebrate the new year.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    11.    Plaintiff heard one of the people say, "The police are coming."

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    12.    Soon thereafter, Defendant-Officers entered Plaintiff's apartment.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendant-Officers did not have a search warrant, probable cause, consent, exigent circumstances, or any other legal basis to enter Plaintiff's apartment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Defendant-Officers entered Plaintiff's apartment with their guns drawn and pointed at Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant MATTHEW CLINE ordered Plaintiff and the other persons present to get on the floor.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Plaintiff was seized and not free to leave.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop or seize Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. As Plaintiff started to get on the floor, Defendant CLINE grabbed Plaintiff by the neck and forcefully pushed her backwards onto the floor.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Plaintiff's head struck the floor when she landed.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Plaintiff asked the Defendant CLINE why he pushed her.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     The Defendant CLINE responded, "Shut the fuck up."

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Eugene Green asked the Defendant-Officer why he pushed Plaintiff to the floor.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Defendant CLINE responded by slamming Green and telling him, "Shut the fuck up."

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     Defendant CLINE then instructed another Defendant-Officer to handcuff Plaintiff.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     Plaintiff was handcuffed.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

26. Defendant CLINE asked Plaintiff if she had any guns in the apartment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Plaintiff told Defendant CLINE that in her bedroom closet she stored her duty weapon, which she used for her job as a security officer.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Plaintiff had a valid FOID card for the gun.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Defendant-Officers asked Plaintiff if she had a valid FOID card, and Plaintiff said yes.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. Defendant-Officers searched the closet in Plaintiff's bedroom, found the gun and seized it.

**ANSWER:** Upon information and belief, based upon Chicago Police Department records, Defendant City admits that, on January 1, 2007, two firearms were recovered by Chicago police officers from 6237 South Bishop Street, Chicago, Illinois. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31. Defendant CLINE ordered Plaintiff to lie down on the kitchen floor.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Defendant CLINE put his shoe on Plaintiff's face and held Plaintiff's head on the floor.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. When Plaintiff asked why he was doing this, Defendant CLINE said, "Shut the fuck up."

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. Defendant-Officers searched the apartment. No contraband or evidence of criminal activity was found.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's apartment.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. Plaintiff observed a Defendant-Officer remove an unopened bottle of Moet champagne from her bedroom. Defendant-Officers seized the champagne and never returned it.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. Plaintiff was taken outside by the Defendant-Officers, who ran her name through a computer in a police car.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.   Plaintiff's name came back "clear."

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.   Plaintiff asked if she could have her duty weapon back.  A Defendant-Officer told her, "Buy another one."

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.   Plaintiff was uncuffed and released.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.   Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.  As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, and physical pain and suffering.

**ANSWER:**   Defendant City denies the allegations in this paragraph to the extent that they pertain to the City.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

Defendant City is not named as a defendant in Count I; therefore, no answer to Count I is required by the City.  The City answers the allegations in Count I only to the extent that the

allegations are incorporated by reference in Count VI.

42.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**     Defendant City re-alleges its answers to paragraphs 1 through 41, as if fully set forth herein.

43.     The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

Defendant City is not named as a defendant in Count II; therefore, no answer to Count II is required by the City.  The City answers the allegations in Count II only to the extent that the allegations are incorporated by reference in Count VI.

44.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**     Defendant City re-alleges its answers to paragraphs 1 through 41, as if fully set forth herein.

45.     Defendant-Officers pointed their guns at Plaintiff after they entered her apartment.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT III
### (42 U.S.C. § 1983- Failure to Intervene)

Defendant City is not named as a defendant in Count III; therefore, no answer to Count III is required by the City. The City answers the allegations in Count III only to the extent that the allegations are incorporated by reference in Count VI.

47. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 41, as if fully set forth herein.

48. While Plaintiff was subjected to false arrest and excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from unreasonable seizures.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Home)

Defendant City is not named as a defendant in Count IV; therefore, no answer to Count IV is required by the City. The City answers the allegations in Count IV only to the extent that the allegations are incorporated by reference in Count VI.

50.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**    Defendant City re-alleges its answers to paragraphs 1 through 41, as if fully set forth herein.

51.     The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52.     The actions of Defendant-Officers in searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT V
## (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

Defendant City is not named as a defendant in Count V; therefore, no answer to Count V is required by the City.  The City answers the allegations in Count V only to the extent that the allegations are incorporated by reference in Count VI.

53.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**    Defendant City re-alleges its answers to paragraphs 1 through 41, as if fully set forth herein.

54.     Defendant-Officers seized Plaintiff's gun.

**ANSWER:**    Upon information and belief, based upon Chicago Police Department

records, Defendant City admits that, on January 1, 2007, two firearms were recovered by Chicago police officers from 6237 South Bishop Street, Chicago, Illinois. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

55. Defendant-Officers have not returned Plaintiff's gun.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

56. There was not probable cause or any legal justification to seize Plaintiff's gun.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

57. The actions of Defendant-Officers in seizing Plaintiff's gun without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant City denies that plaintiff has clearly, completely, and accurately stated the scope of the City's liability under 745 ILCS 10/9-102. Therefore, the City denies the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, even though abused. 745 ILCS 10/2-201 (2006).

5. Plaintiff has a duty to mitigate her damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been

lessened by plaintiff's failure to take reasonable action to minimize those damages.

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

8.      A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.


**DATED:   APRIL 28, 2008**

                                                                    Respectfully submitted,

                                                                    MARA S. GEORGES,
                                                                    Corporation Counsel
                                                                    City of Chicago


                                                    By:     */s/ Meghan Kennedy*
                                                         MEGHAN KENNEDY
30 North LaSalle Street                      KENNETH ROBLING
Suite 1020                                          Assistants Corporation Counsel
Chicago, Illinois  60602
312-744-9653/2-0116
Attorney No. 6283230

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA KERNAGHAN, | ) | |
| | ) | No. 08 C 102 |
| Plaintiff, | ) | |
| | ) | Judge St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Lawrence V. Jackowiak
　　　Louis J. Meyer
　　　Daniel P. Kiss
　　　Law Offices of Lawrence V. Jackowiak
　　　20 North Clark Street, Suite 1700
　　　Chicago, Illinois  60602

**PLEASE TAKE NOTICE** that on this 28th day of April 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, a copy of which is herewith served upon you.

**I HEREBY CERTIFY** that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 28th day of April 2008.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　MARA S. GEORGES
　　　　　　　　　　　　　　　　　　　Corporation Counsel
　　　　　　　　　　　　　　　　　　　for the City of Chicago


　　　　　　　　　　　　　　　By:　　*/s/ Meghan Kennedy*
　　　　　　　　　　　　　　　　　　　MEGHAN KENNEDY
　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230