**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA KERNAGHAN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 102 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| A Municipal Corporation; and | ) | Judge St. Eve |
| Chicago Police Officers | ) | |
| MATTHEW CLINE, Star 2184; | ) | |
| JOSE CARDO, Star 21299; | ) | Magistrate Judge Nolan |
| DANIEL DELOPEZ, Star 15612; | ) | |
| JOHN DOLAN, Star 7722, | ) | |
| CRAIG DUNDERDALE, Star 12346, | ) | Jury Demand |
| VERNON MITCHELL JR., Star 15580, | ) | |
| KENNETH URBON, Star 5100, and | ) | |
| SCOTT WOLFF, Star 19681 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS CLINE, CARDO, DELOPEZ, DOLAN, DUNDERDALE,
MITCHELL, URBON, AND WOLFF'S ANSWER, DEFENSES, AND JURY DEMAND
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Chicago Police Officers Matthew Cline, John Dolan, Vernon Mitchell Jr, Craig Dunderdale, Jose Cardo, Scott Wolff, Daniel DeLopez, and Kenneth Urbon (hereinafter referred to as "Defendant Officers"), by and through one of their attorneys, Anne K. Preston, Assistant Corporation Counsel, hereby submit their answer, defenses, and jury demand to Plaintiff's First Amended Complaint:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of Illinois.

**ANSWER:** Defendant Officers admit that this action is brought pursuant to 42 U.S.C.

§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged. Defendant Officers deny the remaining allegations contained in Paragraph 1.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendant Officers admit that this Court has jurisdiction over Plaintiff's federal claims, but deny any wrongful or illegal conduct. Defendant Officers deny that this Court has supplementary jurisdiction based upon 28 U.S.C. 1367(a) because Plaintiff has not alleged any state law claims against Defendant Officers.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendant Officers admit that venue is proper, but deny any wrongful or illegal conduct.

**Parties**

4. Plaintiff is a resident of the Chicago, Illinois.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5. Defendant police officers are duly appointed and sworn Chicago police officers.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 5.

6. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 6.

7. The Defendant-Officers are sued in their individual capacities.

**ANSWER:**   Defendant Officers admit the allegations contained in Paragraph 7.

8.   The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant police officers.

**ANSWER:**   Defendant Officers admit the allegations contained in Paragraph 8.

### Facts

9.   At or around 11:45 p.m. on December 31, 2006 (New Year's Eve), Plaintiff was in her apartment located on the first floor of the building at 6237 South Bishop in Chicago, Illinois. Also in Plaintiffs apartment were: Eugene Green, Plaintiffs boyfriend; Jeremy Kernaghan, Plaintiffs son; Tiara Berry, Jeremy's girlfriend; and Kiyone Kernaghan, Plaintiffs grandson.

**ANSWER:**   Defendant Officers admit that at approximately 12:20 a.m. on January 1, 2007, Defendant Officers encountered Plaintiff at the first floor apartment in the building located at 6237 South Bishop in Chicago, Illinois. Answering further, Defendant Officers admit that there were multiple people present. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9.

10.   People from an apartment above Plaintiff's were outside firing guns to celebrate the new year.

**ANSWER:**   Defendant Officers admit that there were people firing guns in the backyard at 6237 South Bishop in Chicago, Illinois, on January 1, 2007, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10.

11.   Plaintiff heard one of the people say, "The police are coming."

**ANSWER:**   Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12.   Soon thereafter, Defendant-Officers entered Plaintiff's apartment.

**ANSWER:** Defendant Officers admit that some officers entered the first floor apartment at some point in time, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12.

13. Defendant-Officers did not have a search warrant, probable cause, consent, exigent circumstances, or any other legal basis to enter Plaintiffs apartment.

**ANSWER:** Defendant Officers admit that they did not have a search warrant, but deny the remaining allegations contained in Paragraph 13.

14. Defendant-Officers entered Plaintiffs apartment with their guns drawn and pointed at Plaintiff.

**ANSWER:** Defendant Officers admit that some officers entered the first floor apartment with their guns drawn, but deny the remaining allegations contained in Paragraph 14.

15. Defendant MATTHEW CLINE ordered Plaintiff and the other persons present to get on the floor.

**ANSWER:** Defendant Officers admit that an officer ordered persons present in the apartment to get on the floor, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15.

16. Plaintiff was seized and not free to leave.

**ANSWER:** Defendant Officers admit that Plaintiff was seized and not free to leave during the course of their preliminary investigation.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop or seize Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 17.

18. As Plaintiff started to get on the floor, Defendant CLINE grabbed Plaintiff by the

neck and forcefully pushed her backwards onto the floor.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 18.

19. Plaintiffs head struck the floor when she landed.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 19.

20. Plaintiff asked Defendant CLINE why he pushed her.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 20.

21. Defendant CLINE responded, "Shut the fuck up."

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 21.

22. Eugene Green asked the Defendant-Officer why he pushed Plaintiff to the floor.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 22.

23. Defendant CLINE responded by slamming Green and telling him, "Shut the fuck up."

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 23.

24. Defendant CLINE instructed another Defendant-Officer to handcuff Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 24.

25. Plaintiff was handcuffed.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 25.

26 Defendant CLINE asked Plaintiff if she had any guns in the apartment.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.

27. Plaintiff told Defendant CLINE that in her bedroom closet she stored her duty weapon which she used for her job as a security officer.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 27.

28. Plaintiff had a valid FOID card for the gun.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28.

29. Defendant-Officers asked Plaintiff if she had a valid FOID card, and Plaintiff said yes.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 29.

30. Defendant-Officers searched the closet in Plaintiffs bedroom, found the gun and seized it.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 30.

31. Defendant CLINE ordered Plaintiff to lie down on the kitchen floor.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 31.

32. Defendant CLINE put his shoe on Plaintiffs face and held Plaintiffs head on the floor.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 32.

33. When Plaintiff asked why he was doing this, Defendant CLINE said, "Shut the fuck up."

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 33.

34. Defendant-Officers searched the apartment. No contraband or evidence of criminal activity was found.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 34.

35. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff s apartment.

**ANSWER:** Defendant Officers admit that they did not have a search warrant, but deny the remaining allegations contained in Paragraph 35.

36. Plaintiff observed a Defendant-Officer remove an unopened bottle of Moet champagne from her bedroom. Defendant-Officers seized the champagne and never returned it.

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 36.

37.  Plaintiff was taken outside by the Defendant Officers, who ran her name through a computer in a police car.

**ANSWER:**  Defendant Officers admit, upon information and belief, that an officer ran Plaintiff's name, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37.

38.  Plaintiffs name came back "clear."

**ANSWER:**  Defendant Officer lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38.

39.  Plaintiff asked if she could have her duty weapon back. A Defendant Officer told her, "Buy another one."

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 39.

40.  Plaintiff was uncuffed and released.

**ANSWER:**  Defendant Officers admit that they left after they completed their investigation, but deny the remaining allegations contained in Paragraph 40.

41.  Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, and physical pain and suffering.

**ANSWER:**  Defendant Officers deny the allegations contained in Paragraph 41.

### COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

42.  Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**  Defendant Officers reassert their answers to Paragraphs 1 through 41,

inclusive, as their answer to Paragraph 42, as if fully set forth herein.

43.     The actions of Defendant-Officers in seizing without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 43.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### COUNT II
### (42 U.S.C. § 1983 - Excessive Force)

44.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**     Defendant Officers reassert their answers to Paragraphs 1 through 41, inclusive, as their answer to Paragraph 44, as if fully set forth herein.

45.     Defendant-Officers pointed their guns at Plaintiff after they entered her apartment.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 45.

46.     The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 46.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### COUNT III
### (42 U.S.C. § 1983 - Failure to Intervene)

47.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein,

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1 through 41, inclusive, as their answer to Paragraph 47, as if fully set forth herein.

48. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 48.

49. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 49.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### (42 U.S.C. § 1983 - Illegal Search of Home)

50. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1 through 41, inclusive, as their answer to Paragraph 50, as if fully set forth herein.

51. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to enter Plaintiff's home.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 51.

52. The actions of Defendant-Officers in searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 52.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, and such other relief

as the Court deems just and appropriate.

## COUNT V
### (42 U.S.C. § 1983 - Unreasonable Seizure of Property)

53.     Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**     Defendant Officers reassert their answers to Paragraphs 1 through 41, inclusive, as their answer to Paragraph 53, as if fully set forth herein.

54.     Defendant-Officers seized Plaintiff's gun.

**ANSWER:**     Defendant Officers admit that they seized two guns, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 54.

55.     Defendant-Officers have not returned Plaintiff's gun.

**ANSWER:**     Defendant Officers admit that the guns recovered were inventoried, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 55.

56.     There was not probable cause or any legal justification to seize Plaintiff's gun.

**ANSWER:**     Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the gun belonged to Plaintiff.  Defendant Officers deny the remaining allegations contained in Paragraph 56.

57.     The actions of Defendant-Officers in seizing Plaintiff's gun without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 57.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their

favor and against Plaintiff on Count V, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 58.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant Officers admit that there is a law in Illinois, 745 ILCS 10/9-102, but lack knowledge or information sufficient to form a belief as to whether it is applicable in this case. Defendant Officers deny any wrongful or illegal conduct.

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant officers possessed. Therefore, Defendant officers are entitled to qualified immunity as

a matter of law.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

### Jury Demand

Defendant Officers Matthew Cline, John Dolan, Vernon Mitchell Jr, Craig Dunderdale, Jose Cardo, Scott Wolff, Daniel DeLopez, and Kenneth Urbon hereby demand a jury trial.

                                        Respectfully submitted,

                                        /s/Anne K. Preston
                                        ANNE K. PRESTON
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No. 06287125

## **CERTIFICATE OF SERVICE**

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANT OFFICERS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT,** to be sent via e-filing to the persons named below, "Filing Users" pursuant to Case Management/Electronic Case Files, on June 20, 2008, in accordance with the rules on electronic filing of documents.

| | |
|---|---|
| Lawrence V. Jackowiak, Louis Meyer<br>Law Offices of Lawrence V. Jackowiak<br>20 N. Clark St., Suite 1700<br>Chicago, IL  60602 | Meghan Kennedy<br>Assistant Corporation Counsel<br>30 N. LaSalle St., Suite 1020<br>Chicago, IL  60602 |

  /s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel